IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Dawn M. Jenkins ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action |
| ) | |
| LTD FINANCIAL SERVICES, L.P. ) | |
| ) | |
| JOHN D. CUNNINGHAM ) | No. _____ |
| ) | |
| Defendants ) | |

# COMPLAINT AND TRIAL BY JURY DEMANDED

## JURISDICTION

1. This court has Jurisdiction pursuant to *15 U.S.C. §1681p* and *28 U.S.C. §1331*.

2. All conditions precedent to the bringing of this action has been performed.

## VENUE

3. The occurrences which give rise to this action occurred in Essex County, Massachusetts and Plaintiff resides in Essex County, Massachusetts.

4. Venue is proper in the District of Massachusetts.

## PARTIES

5. The Plaintiff in this lawsuit is Dawn May Jenkins, (hereinafter "Plaintiff") who is a natural person and at all times relevant herein was a resident of Essex County, Massachusetts.

6. The Plaintiff is a "consumer" within the meaning of the FCRA 15 U.S.C. § 1681a(c) as well as within the meaning of the FDCPA 15 USC § 1692a(3).

7. Defendant LTD FINANCIAL SERVICES, L.P. ("hereinafter LTD"), is a firm located in Houston, Texas who at all relevant times was engaged, by the use of the mail and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Defendant LTD is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and a "furnisher of information" within the meaning of the FCRA 15 U.S.C. § 1681s-2.

9. Defendant John D. Cunningham (hereinafter known as "CUNNINGHAM") upon information and belief is an employee of LTD and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## 1. FACTUAL ALLEGATIONS

10. Plaintiff received her credit report from a major credit reporting agency TransUnion and found an entry by an entity that was unfamiliar within the credit report.

11. Plaintiff discovered after examination of her TransUnion consumer credit report dated October 24, 2011, that LTD had obtained her consumer credit report on **July 5, 2011.**

12. At no time did Plaintiff give her consent to LTD to obtain her credit report from any credit reporting agency at any time.

13. Defendants actions violated the FCRA 15 U.S.C. § 1681b as there was no account and/or debt which gave it a permissible purpose to legitimately obtain her private credit report.

14. Defendants sent Plaintiff letters dated **July 6, 2011** and **December 12, 2011** which contradicted one another. The **July 6, 2011** letter stated *"Your account with the above named creditor has been <u>assigned</u> to LTD Financial Services, a collection agency."* and the **December 12, 2011** letter stated *"This client has <u>placed</u> your account with LTD Financial Services for collection."* The actions of the Defendants constituted false, deceptive and misleading representations in violation of FDCPA 15 U.S.C. § 1692e and FDCPA 15 U.S.C. § 1692e(2) regarding the legal status of the debt as the debt was non-existent.

15. LTD on **August 8, 2011**, sent Plaintiff a letter threatening that its alleged client would take action against the Plaintiff related to the Internal Revenue Service and intimated that Plaintiff may have tax consequences regardless if she settled the matter. In its letter LTD stated *"You should consult independent tax counsel of your choosing if you desire advice about any tax consequences that may result from this settlement."* The threat made to Plaintiff was an unconscionable attempt to harass, intimidate, or oppress the Plaintiff in violation of FDCPA 15 U.S.C. § 1692d and constituted false, deceptive and misleading representations in collection of a debt which it could not legally take in violation of FDCPA 15 U.S.C. § 1692e(5) as there was no account and/or debt which LTD had any right to collect.

16. On **December 4, 2011**, in an attempt to mitigate damages and to reach a settlement for LTD obtaining Plaintiff's credit report without a legitimate purpose, Plaintiff sent LTD a notice of intent to sue.

17. In response to Plaintiffs attempt to mitigate, Defendant CUNNINGHAM <u>sent two separate communications</u> to the Plaintiff dated **December 12, 2011**. In one of the two letters he stated that *"The permissible purpose for the credit inquiry is the **placement** of your account with LTD Financial Services for **collection**."* *"This client has **placed** your account with LTD Financial Services for **collection**."* The actions of the Defendants constitute unfair and unconscionable means to attempt to collect the debt in violation of FDCPA 15 U.S.C. § 1692f (1) *and* FCRA 15 U.S.C. § 1681b as there was <u>no account and/or debt that LTD had any right to collect</u> or <u>any account and/or debt which gave them a permissible purpose to lawfully obtain Plaintiffs private credit report</u>.

18. The second communication in response to Plaintiffs letter of December 4, 2011 to mitigate, CUNNINGHAM stated that *"We are in receipt of your correspondence."* and *"We have stopped collection activity"*. The actions of the Defendants as shown here and as stated in its **August 8, 2011** letter (see ¶ 15) constitute false representation and deceptive means in collection of a debt as the debt was non-existent and because it threatened actions which it did not intent to take in violation of FDCPA 15 U.S.C. § 1692e(5) (see ¶ 15).

19. CUNNINGHAM failed to include in both of his letters dated December 12, 2011 that the communication was from a debt collector, in violation of FDCPA 15 U.S.C. § 1681e(11).

20. Discovery of the FCRA violations brought forth herein occurred within the statute of limitations as defined in the FCRA 15 U.S.C. § 1681p.

21. Violations of the FDCPA brought forth herein occurred within the statue of limitations as defined in the FDCPA 15 U.S.C. § 1692k.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## (FCRA) 15 U.S.C. § 1681b FOR WILLFUL NON-COMPLIANCE

## BY DEFENDANTS LTD AND CUNNINGHAM

22. Plaintiff restates and reiterates herein all previous paragraphs 1-21.

23. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. § 1681a(c).

24. TransUnion is a credit reporting agency within the meaning of 15 U.S.C. § 1681a(f)

25. Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681a(d).

26. Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.

27. Such permissible purpose as defined by Fair Credit Reporting Act (FCRA) *15 U.S.C. §1681b,* has **limited circumstances granting permissible purpose** under section 1681(b) which applied to LTD.

28. At the time LTD obtained Plaintiff's consumer credit report on or about July 5, 2011, it did not meet any of the **limited circumstances** which are as follows;

    a. Plaintiff had not authorized the consumer reporting agency TransUnion to furnish her consumer report to LTD.

    b. Plaintiff had not authorized LTD to obtain her consumer report from TransUnion.

    c. Plaintiff had not applied for any credit, loan, or services with LTD.

    d. Plaintiff did not have any contractual relationship for credit, loan, or services with LTD.

    e. Plaintiff did not owe any debt to LTD.

    f. Plaintiff did not owe any debt as the result of a judgment to LTD.

    g. Plaintiff had not applied for any employment with LTD.

    h. Plaintiff had not applied for any insurance from LTD.

    i. Plaintiff did not have any existing account or credit obligation with LTD.

    j. Plaintiff was not named as an "authorized user" on any account with LTD.

    k. No court having jurisdiction issued any order to TransUnion to furnish Plaintiff's consumer report to LTD.

    l. No head of State or local child support enforcement agency requested TransUnion to provide Plaintiff's consumer report to LTD.

    m. No agency administering a state plan under section 454 of the Social Security Act (42 U.S.C. § 654) requested TransUnion to provide Plaintiff's consumer report to LTD.

    n. Plaintiff had not applied for any license or other benefit granted by a governmental instrumentality through LTD.

    o. Plaintiff had not received any "firm offer of credit or insurance" from LTD.

29. In an attempt to mitigate damages and to reach a settlement with LTD for its FCRA violations in obtaining Plaintiff's credit report, Plaintiff on December 4, 2011 sent it a notice of intent to sue before filing this action. Defendants never engaged Plaintiff in settlement discussions; therefore Plaintiff had no choice but to seek damages in this honorable court.

30. Plaintiff did not at any time give her consent to LTD or any person in order to obtain her credit report from any credit reporting agency.

31. The action of LTD obtaining the Plaintiff' consumer credit report on or about **July 5,**

**2011** with no permissible purpose or without Plaintiff's consent, was a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

32. LTD had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's consumer credit report and LTD breached said duty by failing to do so. There was no account that LTD had any right to collect in order to have had a permissible purpose to obtain Plaintiff's consumer credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff demands judgment for statutory damages against each and every Defendants in the amount of $1000 including any attorney's fees and costs pursuant to the FCRA, 15 U.S.C. § 1681n.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY LTD AND CUNNINGHAM

33. Paragraphs 1 through 31 are realleged as though fully set forth herein.
34. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).
35. Defendants LTD and John D. Cunningham are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).
36. Defendants' violations of the FDCPA include, but are not limited to, the following;

    (a) 15 U.S.C. §1692e as shown at ¶ 14

    (b) 15 U.S.C. §1692e(2) as shown at ¶ 14

    (c) 15 U.S.C. §1692d as shown at ¶ 15

    (d) 15 U.S.C. §1692e(5) as shown at ¶ 15

    (e) 15 U.S.C. §1692f(1) as shown at ¶ 17

    (f) 15 U.S.C. §1692e(5) as shown at ¶ 18

    (g) 15 U.S.C. §1692e(11) as shown at ¶ 19

**WHEREFORE,** LTD and CUNNINGHAM are liable to the plaintiff for the damage she has suffered as a result of such illegal conduct as well as for statutory damages the plaintiff may recover same pursuant to 15 USC § 1692k(a)(1), 1692k(a)(2)(A) and 1692k(b)(1). In addition, the plaintiff may recover costs and attorney's fees pursuant to 15 USC § 1692k(a)(3).

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 15, 2012

Respectfully submitted,

*[signature]*

Dawn May Jenkins
c/o 33 Eastern Avenue, Unit 2
Lynn, Massachusetts 01902
978-332-3798